2003 OK JUD ETH 2

## JUDICIAL ETHICS OPINION 2003–2.

Oklahoma Judicial Ethics Advisory Panel.

March 14, 2003.

## FACT SITUATION:

¶ 0 An incumbent judge had an opponent in the last general election. The incumbent judge was re-elected.

¶ 1 After the election, the attorney having run against the incumbent judge has written the judge requesting court appointments. The attorney continues to request that the judge disqualify in all of opponent's cases citing alleged expressed hostility of the judge and his bias in favor of local attorneys who supported the judge.

¶ 2 The judge is the only resident judge in the rural county and the only judge sitting in the county on a daily basis.

## QUESTION:

¶ 3 Is the judge disqualified to hear cases in which the former opponent appears as counsel, and if so, for what period of time?

¶ 4 *Canon 2:* **"A Judge Should Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities**

A. A judge should respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

B. A judge should not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment. A judge should not lend the prestige of judicial office to advance the private interests of the judge or others; nor should a judge convey or permit others to convey the impression that they are in a special position to influence the judge. A judge should not testify voluntarily as a character witness."

¶ 5 *Canon 3:* **"A Judge Should Perform the duties of Judicial Office Impartially and Diligently** ...

B. Adjudicative Responsibilities ...

(4) A judge should perform judicial duties without bias or prejudice. A judge should not, in performance of judicial duties, by words or conduct manifest bias or prejudice ...

(7) A judge should dispose of all judicial matters promptly, efficiently and fairly."

¶ 6 **WE ANSWER:** No, with possible exceptions.

**DISCUSSION:**

¶ 7 The judge in posing the question, states that he recognizes the opponent's right to file for the office of which he was the incumbent and would not attempt to penalize the lawyer or the lawyer's clients. The judge desires to avoid even an appearance of prejudice or bias, but also feels an obligation to fulfill the duties of his office.

¶ 8 We must take the judge at face value when he asserts that he feels no bias or prejudice and would not be vindictive to either the lawyer or the lawyer's clients. The remaining issue then is to assure the public confidence of the integrity and impartiality of the judiciary. We do not know how heated the election process was or if it were of a nature to raise a question in the public mind of the ability of the judge to thereafter act impartially in matters in which his former opponent appears as counsel. In a rural county, it is highly likely that the judge and the former opponent would be aware of the public perception. If such perception is likely to exist, then the judge should properly recuse for a period of time. We hesitate to set an arbitrary time line.

¶ 9 The former opponent knew of the operation of the local court and it is unreasonable to expect that there should be a continued need of assignment of an outside judge for an extended period of time unless the subsequent actions of the judge indicate to an objective observer that the judge is in fact being less than fair and impartial.

¶ 10 ROBERT L. BAILEY, Chairman, ROBERT D. SIMMS, Vice Chairman, MILTON C. CRAIG, Secretary.